

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2003

# Nix v. Welch White

Precedential or Non-Precedential: Non-Precedential

Docket 01-3186

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Nix v. Welch White" (2003). *2003 Decisions.* Paper 894.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/894

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3186

THEOPHILUS R. NIX, SR.; LULU MAE NIX,
Husband and Wife

v.

WELCH & WHITE, P.A.;
JEFFREY S. WELCH

Theophilus R. Nix, Sr. and Lulu Mae Nix,
Appellants

On Appeal from the United States District Court
for the District of Delaware
D.C. Civil Action No. 00-cv-00669
(Honorable Joseph J. Farnan, Jr.)

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 17, 2002
Before:  BECKER, Chief Judge, SCIRICA and McKEE, Circuit Judges

(Filed: January 8, 2003)

OPINION OF THE COURT

SCIRICA, Circuit Judge.

Plaintiffs sued a lawyer and his law firm under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").  Their complaint was dismissed under Fed. R. Civ. P. 12(b)(6) for failure to properly plead a claim. We will reverse.

I.

In 1997, plaintiffs Theophilus R. Nix, Sr., and Lulu Mae Nix borrowed a total of $77,000 through two consumer credit transactions with the Wilmington Savings Fund Society, FSB ("WSFS").  Two years later, on September 22, 1999, WSFS's counsel, Jeffrey Welch of Welch & White, P.A., the defendants in this action, sent plaintiffs two debt collection letters to recover the outstanding balances on these loans.

In 1999, plaintiffs also entered consumer credit transactions with Joseph B. Dietz, Jr., DDS, for dental treatment that Dr. Dietz provided to them.  Seeking to collect debts owed on these credit transactions, defendants, acting as legal counsel for Dr. Dietz, filed a

complaint against plaintiffs on October 24, 2000 and sent plaintiffs a debt collection letter on October 25, 2000.

Believing the September 22, 1999 collection letters violated the FDCPA, plaintiffs sued defendants on July 20, 2000, and filed an amended complaint on November 17, 2000, adding defendants' collection efforts on behalf of Dr. Dietz.  In that complaint, plaintiffs alleged that:

10.  The September 22, 1999 letters embodied violations of the Act.

11.  On information and belief, defendants violated the Act in other ways.

16.  The October 24 process embodied violations of the Act.

17.  The October 25 letter embodied violations of the Act.

Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiffs unsuccessfully attempted to file a second amended complaint without leave of court.  Plaintiffs then engaged in discovery and subsequently filed additional motions.

On July 18, 2001, the District Court granted defendants' motion to dismiss. Without seeking reconsideration of the District Court's dismissal order, plaintiffs appealed on August 8, 2001.

                                   II.

Plaintiffs assert two arguments on appeal: first, that their amended complaint was sufficient to withstand a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6); and second, that the District Court abused its discretion by dismissing their complaint without granting leave to amend.

A.    Whether the District Court Erred in Dismissing Plaintiffs' Complaint

Our review of the District Court's Rule 12(b)(6) motion to dismiss is plenary. Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-184 (3d Cir. 2000). While we accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to plaintiffs, "we need not accept as true 'unsupported conclusions and unwarranted inferences.'" Id. (citations omitted).

Under Fed. R. Civ. P. 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint satisfies the Rule 8(a) pleading requirements if it gives notice and the grounds upon which a plaintiff's claim rests.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). While a complaint generally need not allege every element of a plaintiff's claim, it must plead facts sufficient to provide the defendant with "fair notice of the transaction" and "set[] forth the material points necessary to sustain recovery." Menkowitz v. Pottsdown Mem'l Med. Ctr., 154 F.3d 113, 124 (3d Cir. 1998).

Citing Swierkiewicz, plaintiffs contend their complaint was sufficient to withstand a Fed. R. Civ. P. 12(b)(6) challenge.  In Swierkiewicz, the Court held McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), did not govern the pleading standard because "the precise requirements of a prima facie case can vary depending on the context and were 'never intended to be rigid, mechanized, or ritualistic.'"  Id. at 511.  The Court believed the McDonnell Douglas framework imposed a heightened standard on pleadings that would conflict with Fed. R. Civ. P. 8(a).  Id. at 512.  The Court found the complaint satisfied Rule 8(a) because it "detailed the events leading to [plaintiff's] termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination.  These allegations g[a]ve respondent fair notice of what petitioner's claims [were] and the grounds upon which they rest[ed]."  Id. at 514.

In contrast, the complaint here fails to satisfy the minimal pleading requirements of Rule 8(a) because it merely alleges defendants' actions "embodied violations of the Act" and "violated the Act in other ways."  These are conclusory allegations.  The complaint fails to provide the "grounds upon which they rest."  Furthermore, the remainder of plaintiffs' allegations fail to state a claim upon which relief can be granted.  As the District Court noted, plaintiffs "fail to allege, however, any facts to support these allegations and provide no notice to defendants as to how the letters allegedly violated the FDCPA."  As a result, plaintiffs did not provide notice to defendants as to how their actions allegedly violated the FDCPA.

B.    Whether the District Court Abused its Discretion by Not Granting Leave to
      Amend

We review a district court's failure to grant leave to amend for abuse of discretion. See Darr v. Wolfe, 767 F.2d 79, 81 (3d Cir. 1985). Under the Federal Rules of Civil Procedure, a plaintiff may amend a complaint once as a matter of right and afterward by leave of court or by written consent of the defendant. Fed. R. Civ. P. 15(a). In this case, plaintiffs made no motion for leave to amend. In his brief on appeal, plaintiffs' attorney said he "did not think it a useful expenditure of [plaintiffs'] resources to file a motion to amend, where it was to be expected that if the Court were to dismiss on the grounds of insufficient factual allegations, it would at the same time grant leave to amend." (Appellants' Br. At 21). Seven months elapsed between the date the motion to dismiss was filed (December 4, 2000) and the date the District Court granted the motion (July 18, 2001). Instead of curing the complaint's defects adverted to in the motion to dismiss by requesting leave to amend, plaintiffs chose to stand on their amended complaint and pursue discovery and other motions. Furthermore, plaintiffs appealed without first seeking reconsideration of the District Court's dismissal order. Plaintiffs should have amended their complaint after receiving the motion to dismiss. Nonetheless, absent futility, our case law grants them the opportunity to amend after the dismissal.

Although the Federal Rules of Civil Procedure do not address the precise situation here, that is, where leave to amend is not sought, it must be granted if the deficiency could be cured by amendment. Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (citing Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976)).

As explained in Borelli, 532 F.2d at 951 n.1, and recently confirmed in Shane, 213 F.3d at 116, district courts should, before dismissing a claim:

[E]xpressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

In Darr, 767 F.2d at 81, we said:

[T]his court has consistently held that when an individual has filed a complaint under 1983 which is dismissible for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint and that denial of an application for leave to amend under these circumstances is an abuse of discretion.

Although the District Court properly found that plaintiffs failed to plead a FDCPA claim, it should have allowed plaintiffs an opportunity to amend their complaint.

Of course, we express no opinion on the merits of the claim. We will reverse and remand for further proceedings consistent with this opinion.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica

Circuit Judge

DATED: January 8, 2003